IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARCUS DEANTHONY WINDING,                                          PLAINTIFF
# 208385

VERSUS                                              CIVIL ACTION NO. 5:16cv4-KS-MTP

LASHAY SWITZER, GERALD
CORNWELL, SHERIFF'S DEPARTMENT
NATCHEZ ADAMS JAIL, ADAMS
COUNTY, and TERRY DUNN                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Marcus DeAnthony Winding is a pretrial detainee with the Concordia Parish Jail in Vidalia, Louisiana. He challenges the conditions of his prior confinement at the Adams County Jail in Natchez, Mississippi. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

BACKGROUND

Winding filed this action on January 15, 2016. He alleges that he is a resident of Natchez, and at the time he filed the Complaint, he was a pretrial detainee at the Adams County Jail. Defendants Captain Gerald Cornwell and Terry Dunn are officers at the jail, and Defendant Lashay Switzer is the jail nurse.

Winding alleges that on December 17, 2015, at about 2:00 p.m. he witnessed Switzer in the control tower "going through inmate mail" and "[ins]pecting" it. (Pl.'s 1st Resp. at 2); (Compl. at 4). Three hours later, when the mail was passed out, Winding received a letter, from the Mississippi Bar Association, which had already been opened. He complains, "No employee has the right to open legal mail," and that, as a nurse, Switzer was unauthorized to "deal with inmate mail in any type of way." (Pl.'s 1st Resp. at 2); (Compl. at 5). Winding claims Switzer

"violated the conf[i]dential[i]ty of my legal situation.  By doing so she violated my ninth amendment [sic] constitutional right which is the right to keep personal matters private."  (Pl.'s 1st Resp. at 2).

Winding complained to Cornwell, who told Winding:

> It is not the policy of the Adams County Jail to open all **Privileged Mail** outside the recipient's presence. . . .  I will issue a memo to all of the Jail Staff reminding them of the procedures regarding the inspection and/or censorship of **Privileged** and **Non-Privileged** mail.  I will also speak with the nurse to ascertain her involvement in this matter.  I cannot prove nor disprove that she was involved in censoring any correspondence. . . .  I will make sure that she understands our policies on Inmate Mail and ensure that no such accidents occur in the future.

(Compl. at 7).  Winding agrees with Cornwell that Switzer acted against jail policy by opening Winding's "legal mail" outside of his presence, but he takes issue with the fact that neither Cornwell nor Adams County disciplined the nurse or instituted any "legal actions" against her.  (Pl.'s 1st Resp. at 2).  Winding claims this violated Equal Protection merely because it violated the Mississippi Constitution, article 3, sections 24 and 26A.

In addition to his mail claims, Winding asserts a claim against Dunn for allegedly touching Winding's buttocks on September 24, 2015.  He also complains about the manner in which Cornwell and Adams County handled the grievance concerning this incident.  These claims were amended to this case in March of 2016.  This is not the first time Winding has sued Dunn, Cornwell, and Adams County for this alleged incident.  The first time was on January 15, 2016, when Winding instituted civil action number 5:16cv5-KS-MTP, *Winding v. Dunn*, which is also pending before the undersigned.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma*

*pauperis* in this Court. The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Winding to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Construed liberally, Winding sues Switzer under 42 U.S.C. § 1983 and state law for opening his legal mail. He sues Dunn for alleged inappropriate touching. Finally, Winding sues Cornwell, the "Sheriff's Department Natchez Adams Jail," and Adams County under § 1983 and the Mississippi Constitution for the handling of Winding's grievances regarding the above incidents.

CLAIMS AGAINST THE SHERIFF'S DEPARTMENT AND JAIL

First, the Court notes that Winding has sued the Sheriff's Department Natchez Adams Jail. The Court construes this as referring to both the Adams County Sheriff's Department and the Adams County Jail. Mississippi law determines whether he can sue the jail or the sheriff's

department.  Fed. R. Civ. P. 17(b)(3).  Under Mississippi law, neither one is a separate legal entity which may be sued, rather they are extensions of the county.  *Tuesno v. Jackson*, No. 5:08cv302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416 at *2-3 (S.D. Miss. Apr. 30, 2009) (jail); *Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006) (sheriff's department).  Therefore, the Sheriff's Department and jail, which are sued as "Sheriff's Department Natchez Adams Jail," are dismissed.  The allegations against them will be construed as allegations against Adams County.

CLAIMS REGARDING THE ALLEGED SEPTEMBER 24, 2015 INCIDENT

With the parties straight, the Court now examines the claims concerning the alleged September 24, 2015 incident with Dunn.  Winding sues him for allegedly touching Winding's buttocks in the jail kitchen on this date, and he sues Cornwell and Adams County for the way the complaint concerning this incident was handled.  These exact claims are pending against these Defendants, before the undersigned, in *Dunn*.  It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  These claims are therefore dismissed here as both duplicative and malicious.  This dismissal is without prejudice as to the other pending lawsuit and is with prejudice in all other respects.  *Id.*

CLAIMS REGARDING PLAINTIFF'S MAIL

What remains are Winding's mail claims against Switzer, Cornwell, and Adams County.  Switzer is accused of opening and inspecting Winding's legal mail.  Construed liberally, Winding appears to claim that this violated his First Amendment right to free speech, Fourth Amendment right to privacy, and jail policy.  Winding contends that the way Cornwell and

Adams County handled Winding's grievance about Switzer violated Equal Protection and the State constitution.

### A. FREE SPEECH

A prisoner has a limited First Amendment right against the "unjustified governmental interference with communication," which includes the censorship of his mail. *Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993). The limitation is that the interference may be condoned if it is "reasonably related to a legitimate penological interest." *Turner v. Safley*, 482 U.S. 78, 89 (1987). However, "freedom from censorship is not equivalent to freedom from inspection or perusal." *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). Violation of a prison regulation that requires a prisoner to be present when his incoming legal mail is inspected is not a violation of a prisoner's constitutional rights. *Brewer*, 3 F.3d at 825.

Plaintiff does not claim that his mail was censored. He merely claims that his mail was opened, gone through, and inspected against jail policy. This is insufficient to state a First Amendment claim.

### B. PRIVACY

As for Plaintiff's privacy claim, he invokes substantive due process. However, because the Fourth Amendment provides an explicit basis for his right against unreasonable government searches of his personal papers and effects, he must look to the Fourth Amendment to enforce his privacy right against the unwanted search of his incoming mail. *Graham v. Connor*, 490 U.S. 386, 395 (1989). *See also*, *Stroud v. United States*, 251 U.S. 15, 21-22 (1919) (analyzing search and seizure of prisoner's outgoing mail under the Fourth Amendment); *Busby v. Dretke*, 359 F.3d 708, 715-16 (5th Cir. 2004) (same).

To succeed on his privacy claim under the Fourth Amendment, Winding must first show that he had a "constitutionally protected reasonable expectation of privacy" in his incoming legal mail. *Katz v. United States*, 389 U.S. 347, 360 (1967). To do so, he must demonstrate "an actual expectation of privacy; that is . . . that he [sought] to preserve [his incoming legal mail] as private. . . . Second, [he must show that his] expectation of privacy is one that society is prepared to recognize as reasonable." *Bond v. United States*, 529 U.S. 334, 338 (2000). The practice of opening a prisoner's incoming legal mail to inspect it for security purposes has been upheld as reasonable, even when the prisoner was not present. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (analyzing claim under the First Amendment); *Brewer*, 3 F.3d at 825 (same).

Winding admits that this mail could be opened and inspected pursuant to jail policy, he just takes issue with the fact that it was done outside of his presence. Therefore he does not allege that he had an actual expectation that this mail would never be opened by jail staff. Further, as the practice of opening and inspecting incoming legal mail for contraband outside of a prisoner's presence has been continuously upheld as constitutional, Winding cannot demonstrate that any expectation to the contrary is objectively reasonable. Therefore, Plaintiff did not have a reasonable expectation of privacy in his incoming mail, and this claim is dismissed as frivolous.

### C.   GRIEVANCE

Turning to the grievance procedure in this case, Winding complains about how his grievance was handled in this particular matter. He claims Cornwell and Adams County should have disciplined or instituted a legal action against Switzer, and by not doing so, they violated

his right to Equal Protection, because they violated the State constitution's provisions for open courts and for respect, dignity, and fairness to victims of crime during a criminal proceeding.

Winding "does not have a federally protected interest in having th[is] grievance[ ] resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Even the failure to investigate a grievance, by itself, does not rise to the level of a constitutional violation. *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996); *Smallwood v. McDonald*, 805 F.2d 1036, 1036 (6th Cir. 1986); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985); *Harrold v. Burrows*, No. G-13-395, 2014 WL 1760911 at *1 (S.D. Tex. May 1, 2014); *Davis v. Hanford*, No. 3:11cv1364, 2011 WL 6003956 at *2 (W.D. La. Oct. 25, 2011); *Newsome v. Primes*, No. 05-5465, 2008 WL 1835059 at *2 n.3 (E.D. La. Mar. 17, 2008); *Woodland v. City of Vicksburg*, No. 5:05cv85-DCB-JCS, 2006 WL 3375256 at *3 (S.D. Miss. Nov. 21, 2006); *Bloch v. Lake*, No. 3:03cv2965-G, 2004 WL 1084720 at *4 (N.D. Tex. May 10, 2004); *May v. Kennard Indep. Sch. Dist.*, No. 9:96cv256, 1996 WL 768039 at *4 (E.D. Tex. Nov. 22, 1996).

Moreover, Winding does not identify any similarly situated individuals who were treated differently than himself. Indeed, Switzer is accused of opening and inspecting all the inmate mail that day, and according to Winding she was not punished or brought to court at all. These claims, under § 1983, will be dismissed as frivolous and for failure to state a claim upon which relief could be granted.

D.   STATE LAW

To the extent that these legal mail claims are brought pursuant to State law, these claims invoke the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction." 28

U.S.C. § 1367(c)(3).  Since the Court has dismissed the § 1983 claims, it declines jurisdiction over the State law legal mail claims.  They are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Sheriff's Department Natchez Adams Jail should be, and is hereby, **DISMISSED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the 42 U.S.C. § 1983 claims regarding legal mail should be **DISMISSED WITH PREJUDICE** for failure to state a claim and as frivolous.  The State law claims regarding legal mail are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims referencing the September 24, 2015 incident are duplicative and malicious and are **DISMISSED WITHOUT PREJUDICE** to the pending lawsuit of *Winding v. Dunn*, cause number 5:16cv5-KS-MTP (S.D. Miss.), and are **DISMISSED WITH PREJUDICE** in all other respects.  *Pro se* Plaintiff Marcus DeAnthony Winding is assessed a strike pursuant to 28 U.S.C. § 1915(g).  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 28th day of March, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE